UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | | |
|---|---|---|
| MARY KAY INC., | § | |
|    Plaintiff, | § | Case No. 3:17-cv-02633-D |
| | § | |
| v. | § | |
| | § | |
| EVELYN LEE, ET. AL. | § | |
|    Defendant. | § | |

### DEFENDANTS' OBJECTION TO PLAINTIFF MARY KAY INC.'S MOTION TO STRIKE

COMES NOW Evelyn Lee and Lee's Loft, LLC ("Defendants"), to respond to the *Plaintiff Mary Kay Inc.'s Motion to Strike Meritless Affirmative Defenses and Impertinent Allegations in Def.'s Answer or to Permit Mary Kay to File a Reply* (Doc. 17, "Motion") filed by Mary Kay Inc. ("Mary Kay" or "Plaintiff") and will show cause why the Motion should be denied in this Memorandum.

The Motion seeks dismissal of Defendants' affirmative defenses of (1) unclean hands and (2) trademark misuse, and also seeks the Court's help to fend off a reputation as a Ponzi scheme by striking what Mary Kay calls 'impertinent allegations' and what Defendants calls 'truth'.

Defendants herein assert that dismissal of their affirmative defenses is premature.

# TABLE OF CONTENTS

**I.     VIOLATIONS OF ANTI-TRUST SUPPORTS 'UNCLEAN HANDS'**...3
**II.    MARY KAY MISUSES ITS TRADEMARKS IMPERMISSIBLY.**........6
**III.   MARY KAY'S MOTION TO STRIKE IS NOT WARRANTED.**..........6
**IV.    MARY KAY'S ALT. MOTION TO REPLY IS NOT WARRANTED.**..7
**V.     ALT. MOTION TO ALLOW DEFENDANT TO REPLEAD**.................8
**VI.    SUMMARY** ................................................................................................8
**VII.   PRAYER**....................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*De Beers LV Trademark Ltd. v. Debeers Diamond Syndicate Inc.*, 2005 U.S. Dist. LEXIS 9307, at *8 (S.D.N.Y. May 18, 2005) .................................................................3

*Estate of John Lennon v. Screen Creations, Ltd.*, 939 F. Supp. 287, 293 (S.D.N.Y. 1996)...........................................................................................................................3

*Forstmann Woolen Co. v. Murray Sices Corp.*, 10 F.R.D. 367 (S.D.N.Y. 1950).....4

*G. D. G. D. Searle & Co. v. Institutional Drug Distribs.*, 151 F. Supp. 715 (S.D. Cal. 1957) ...............................................................................................................4

*Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999)...........................................................................................................................3

Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 78 L. Ed. 293, 54 S. Ct. 146 (1933) ................................................................................................4

*Mary Kay, Inc. v. Weber*, 601 F. Supp.2d 839, 854 (N.D. Tex. 2009).......................6

*Plus Products v. Natural Organics, Inc.*, No. 81-1798, 1984 U.S. Dist. LEXIS 19801, at *8 (E.D.N.Y. Feb. 3, 1984) ......................................................................6

*Sanitized, Inc. v. S. C. Johnson & Sons, Inc.*, 23 F.R.D. 230 (S.D.N.Y. 1959) ........4

**Other Authorities**

2 Nims, Unfair Competition and Trade-Marks & 418 (4th ed. 1947)........................4

4 Callmann, Unfair Competition and Trade-Marks § 97.3(c)(4) at pp. 2083-2084 (2d ed. 1950) ..........................................................................................................4

5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 31:48 at 31-85 (4th ed. 1999) ..........................................................................................3

**Rules**

Rule 12(f) ......................................................................................................................6
Rule 12(h)(1)(B)(ii)......................................................................................................7
Rule 15(a)(2) ................................................................................................................7

## I.  VIOLATIONS OF ANTI-TRUST SUPPORTS 'UNCLEAN HANDS'.

1. Defendants allege throughout their Answer (Doc. 16) that Mary Kay operates its business so as to misuse its power, alluding to cohesion contracts with its consultants. The result of these contracts is a life-time non-compete that if challenged, could never be supported by a court. Those contracts are the basis of the first step of all Mary Kay suits like this, which begin with an over-reaching contract with life-time implications, and then are combined with a monopolistic trademark misuse in which Mary Kay argues that any sale of Mary Kay products outside its consultant network constitutes infringement.

2. Defendants also state in multiple paragraphs that Mary Kay is abusing the judicial system and misusing trademark law based in part on those cohesion contracts which Mary Kay asserts include lifetime duties, all of which empower Mary Kay to file suits such as the present one.

3. Mary Kay cites to *De Beers LV Trademark Ltd. v. Debeers Diamond Syndicate Inc.*, 2005 U.S. Dist. LEXIS 9307, at *8 (S.D.N.Y. May 18, 2005), which teaches that misconduct unrelated to the claim to which it is asserted as a defense does not constitute unclean hands. In the present case, Mary Kay is asserting tortuous interference and infringement premised on a claim that all non-consultant sales of Mary Kay products are *ipso facto* infringing.

4. Additionally, courts have recognized that a defense of unclean hands is appropriate when a party is involved in unconscionability related to the matter at issue. *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999), citing *Estate of John Lennon v. Screen Creations, Ltd.*, 939 F. Supp. 287, 293 (S.D.N.Y. 1996) and 5 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 31:48 at 31-85 (4th ed. 1999) ("Plaintiff's inequitable conduct is the basis for a valid defense only if it relates *in some way* to the subject matter in litigation") (citing Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 78 L. Ed. 293, 54 S. Ct. 146 (1933)(the "unconscionable act of one coming for relief has immediate and necessary relation to the equity that [it] seeks in respect of the matter in litigation")).

5. Besides Defendants' assertions regarding Mary Kay's contracts and their connections to this suit in support of a valid defense of unclean hands, Defendants *also* assert that violations of anti-trust laws also constitute 'unclean hands', which prevents Mary Kay from any good claim to relief.

6. This theory is not new, but has been accepted in respectable courts since the 1950s. "While the law on this subject has not yet entirely crystallized, it appears that use of a trade-mark to violate the anti-trust laws may constitute 'unclean hands' and disentitle the trade-mark owner to relief." *Sanitized, Inc. v. S. C. Johnson & Sons, Inc.*, 23 F.R.D. 230 (S.D.N.Y. 1959) (citing among other sources, *G. D. G.*

*D. Searle & Co. v. Institutional Drug Distribs.*, 151 F. Supp. 715 (S.D. Cal. 1957); *Forstmann Woolen Co. v. Murray Sices Corp.*, 10 F.R.D. 367 (S.D.N.Y. 1950); 4 Callmann, Unfair Competition and Trade-Marks § 97.3(c)(4) at pp. 2083-2084 (2d ed. 1950); 2 Nims, Unfair Competition and Trade-Marks & 418 (4th ed. 1947)). The Southern District of New York concluded by saying, "The insufficiency of the defense sought to be striken here is not clearly apparent and may better be determined at trial." *Id*.

7. Mary Kay may answer this argument by arguing that Defendants did not specifically discuss what anti-trust law that Defendants are asserting has been violated, and ask for additional detail, but to dismiss the affirmative defense wholly without an opportunity to clarify the matter before just dismissing the defense is premature. As the court of the Southern District of New York stated, this matter is best left for trial.

8. Alternatively, Defendants move below for resolution by a two-week allowance to replead so as to clarify what part of the Sherman Act that Mary Kay is violating and how the Noerr-Pennington doctrine does not prevent this defense, as Mary Kay's sham litigation is little more than, "We're a huge company that will bury you with a well-oiled litigation machine of bad argument dressed up as a quality control system while arguing with a straight face that customers of ebay resellers are confused about whether or not they are buying from Mary Kay."

## II. MARY KAY MISUSES ITS TRADEMARKS IMPERMISSIBLY.

9. As discussed above, Defendants have stated in multiple times and directly in the discussion of their affirmative defense that Mary Kay is publicly stating and arguing that use of its mark is unsupported by the First Sale Doctrine due to a quality control system, and that its marks will be tarnished by reseller usage. Mary Kay says this publicly and in demand letters across the country, just as the events of this suit show. The facts of the case are aligned with the teaching of *Deere*, which is cited by Mary Kay in its memorandum, the opinion for which recognizes that antitrust violations may be a defense to trademark infringement. *Id.* at *12. (citing *Plus Products v. Natural Organics, Inc.*, No. 81-1798, 1984 U.S. Dist. LEXIS 19801, at *8 (E.D.N.Y. Feb. 3, 1984)).

10. Mary Kay enjoys citing *Mary Kay, Inc. v. Weber*, 601 F. Supp.2d 839, 854 (N.D. Tex. 2009) to argue that its quality control program justifies its infringement claims, but as this Court no doubt knows, there was more to that case than a bland reseller of Mary Kay products being sued for trademark infringement. That case does not conclude with "Mary Kay wins all cases from now on."

## III. MARY KAY'S MOTION TO STRIKE IS NOT WARRANTED.

11. Mary Kay has moved to strike parts of Lee's Answer that Mary Kay calls impertinent allegations, but these statements are fair responses to the substance of the allegations. Just as Rule 8 and Mary Kay's own Motion states, "The purpose of

pleadings is to provide notice that enables discovery of factual issues relevant to applicable claims and defense." Motion, p. 12.

12. Without these statements, how could Mary Kay know that Defendants are going to argue that the Mary Kay consultant contracts are essentially part of a pyramid scheme which leads directly to a trademark abuse and violations of anti-trust law? A simply 'denial' to Mary Kay's allegations would not provide that notice, but instead would require exchanges of discovery to discern Lee's defenses. Comments about Mary Kay's contracts and company structure are part of Defendants' argument that the contracts are unconscionable and lead to consultants' sales outside the Mary Kay network on Ebay and Amazon.

13. Defendants have provided relevant full answers to the allegations, and as much as Mary Kay may not like those answers, they are relevant and adds early substantive defense, and to remove them is to remove the full answer to the allegations which now reside naturally with each paragraph's denial or admission, and then is explained in the Additional Facts section.

### IV. MARY KAY'S ALT. MOTION TO REPLY IS NOT WARRANTED.

14. Defendants have not countered with any substantive counter-claim that requires an answer, so there is no deemed admission if Mary Kay does not answer.

15. Mary Kay cites Rule 7 as a supporting rule to allow a reply when there is substantial reason for its necessity. However, there is no substantive reason at this

point, as Defendants have alleged no substantive counter-claim that would be deemed if not answered. Mary Kay is not impacted by any statement made by Defendants in their Answer.

## V.   ALTERNATIVE MOTION TO ALLOW DEFENDANT TO REPLEAD

16.   As discussed in Rule 12(h)(1)(B)(ii), if this Court should determine that Defendants has failed to clearly answer in such a way that their affirmative defenses should be dismissed as they are, Defendants ask that they be allowed two weeks to replead and clarify their defenses based on Rule 15(a)(2).

## VI.   SUMMARY

17.   Defendants' Answer (Doc. 17) allege in many places that Mary Kay is abusing trademark law and seeking economic control of all non-Mary Kay sales with the present suit and others like it.

18.   The Answer alleges unconscionable behavior directly connected to Mary Kay's trademark misuse. Though the phrase "Sherman Act" does not appear in the Answer, Defendants do use the phrase "a plaintiff has used its marks in violation of the antitrust laws" in their defense.

19.   Though Defendants would assert that their Answer is sufficient, they are willing and able to replead if the Court believes their verbiage does not meet the standard, and asks for such opportunity, understanding that the Court should freely give leave for such when justice so requires.

20. Mary Kay's Motion to Strike is premature as it relates to the affirmative defenses, and meritless as to what Mary Kay refers to as impertinent allegations, which are relevant and assists Mary Kay in its discovery process. To eliminate these as Mary Kay has requested is to strip important elements of Defendants' full answer to the allegations against them.

## VII.   PRAYER

Defendants ask this honorable Court to deny Mary Kay's Motion, or in the alternative, provide two weeks for Defendants to amend their pleading, and further request all such other relief as they may be entitled.

Respectfully submitted this March 15, 2018,

By: /s/Warren V. Norred
Warren Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border St., Arlington, TX 76010
Tel. (817) 704-3984, Fax. (817) 524-6686
Attorney for Defendants

**CERTIFICATE OF SERVICE** - I certify that on March 15, 2018, the foregoing was served to Chris Schwegmann through the Court's ECF system.

By: /s/Warren V. Norred
Warren Norred, Texas Bar No. 24045094